### CLARENCE HOLLADAY v. THE STATE.

No. 18283. Delivered May 6, 1936.
Rehearing Denied June 17, 1936.

The opinion states the case.

*Jeff Cochran*, of Cleveland, *H. S. Lilley*, of Conroe, and *Wm. McMurrey*, of Cold Springs, for appellant.

*Lloyd W. Davidson*, State's Attorney, of Austin, for the State.

LATTIMORE, JUDGE.—Conviction for incest; punishment, ten years in the penitentiary.

From the standpoint of the State the facts amply support the conviction. Appellant's daughter Myrtle swore that he had intercourse with her more than one time, a child being born as a result. Her sisters, among other witnesses, corroborated her. The testimony of these girls is not set out because the crime is repulsive, and we see no need for a lengthy rehearsal.

Appellant has twelve bills of exception. Bill No. 1 sets up that the trial court refused to grant appellant's motion that he and his counsel be allowed an interview with appellant's three daughters, stated in the motion to be in the custody of the officials of a home for girls in Houston. The bill is quali-

fied and presents no error. It appears therefrom that Mrs. Darenau was matron of said home, and the court certifies that counsel for appellant wanted the court to order her to let appellant and his counsel interview the said daughters away from and out of the presence of Mrs. Darenau. This the court declined to do.

Bill of exceptions No. 2 complains of the refusal of a peremptory instruction to acquit. The next bill complains of the refusal of the court to exclude from the court room during the trial a State ranger who had helped in working up the case. We are not led to believe the court's action any abuse of his discretion in such matters.

Bill of exceptions No. 5 brings forward complaint of the refusal of the court to allow appellant's wife to testify in detail to a number of matters which she claimed caused unfriendly feeling on the part of a State witness, Mrs. Young, toward herself and her husband. Nothing in the testimony of either Mrs. Holladay, appellant's wife, or Mrs. Young, the witness referred to, furnishes any predicate for such testimony. Bills of exception 7, 8, 9 and 11 are so patently without merit as to need no discussion. Appellant testified that Mrs. Mary Young and her husband were not friendly toward himself and his wife. He also wanted to go into lengthy details about some occurrence which he said caused Mrs. Young to be unfriendly. The State's objection was properly sustained. We are unable to see the relevance of the proffered testimony.

Bill of exceptions No. 12 complains of the rejection of a letter purporting to be signed by one Franklin Major and addressed to the prosecuting witness, which came to her home after she had gone to the hospital in Houston. The letter expressed regard for prosecutrix, but contained no statement or admission which might be considered material in this case. The qualification of the court certifies that no proof of handwriting or execution of the letter was made. He also states in his qualification that Mr. Major had been subpoenaed in the case, but was not used as a witness.

Finding no error in the record, the judgment is affirmed.

*Affirmed.*

ON APPELLANT'S MOTION FOR REHEARING.

CHRISTIAN, JUDGE.—After carefully re-examining the record in the light of appellant's motion for rehearing, we are

constrained to adhere to the conclusion announced in the original opinion.

The motion for rehearing is overruled.

*Overruled.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.